IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, #317239 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. ELH-16-2941 |
| OFFICER GRAGORY M. FORNAY | * | |
| OFFICER J. FRANTZ | | |

******************************************************************************

| | | |
|---|---|---|
| MICH AUREL, #317239 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. ELH-16-2942 |
| ASSISTANT WARDEN JEFF NINES | * | |
| ASSISTANT WARDEN RICH RODERICK | | |
| WARDEN FRANK BISHOP | * | |
| | ***** | |

**MEMORANDUM**

On August 19, 2016, in Civil Action No. ELH-16-2941, the court received a prisoner civil rights action under 42 U.S.C. § 1983 (ECF 1), and a motion for leave to proceed in forma pauperis (ECF 2), filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). The Complaint was instituted as *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 ("*Aurel I*"). In *Aurel I*, Aurel alleges that in March of 2016, he was forced to sleep in a top bunk, in spite of his age and medical problems. He also alleges that he fell from the top bunk, has symptoms of fatigue, as well as neck, back, and head pain, and has been denied physical therapy and a back brace. *Id*. at 3. Therefore, he seeks monetary damages. ECF 1.

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

On the same date -- August 19, 2016 – Aurel filed another 42 U.S.C. § 1983 prisoner civil rights action and motion for leave to proceed in forma pauperis, instituted as *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 ("*Aurel II*"). In *Aurel II*, Aurel again alleges that he fell from his bunk in March 2016, and suffered a catastrophic injury, for which he has been denied medical treatment. *See* ECF 1. He complains that he suffers from pain and seeks $100.00 in damages for each day he remains confined in a top bunk. *Id.* at 3. The Complaint was accompanied by a motion for leave to proceed in forma pauperis. ECF 2.

Both complaints raise similar claims. Therefore, they shall be consolidated for all purposes.

Aurel is quite litigious. These two cases represent the twenty-eighth and twenty-ninth law suits that Aurel has filed in this court over the past five years.[2] In three of those cases Aurel was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. Aurel was notified that

---

[2] In addition to these two actions, Aurel has filed twenty-seven other cases in this court, most of which have been assigned to me. They include *Aurel v. United States.*, Civil Action No. JKB-11-1297; *Aurel v. Wexford*, Civil Action No. ELH-13-3721; *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352; *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374; *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958; *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036; *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797; *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859; *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813; *Aurel v. Warden*, ELH-15-258; *Aurel v. Warden*, ELH-15-1127; *Aurel v. Warden*, ELH-15-1128; *Aurel v. Miller, et al.*, ELH-15-1422; *Aurel v. Kammauf, et al.*, ELH-15-1581; *Aurel v. Gainer, et al.*, ELH-15-1750; *Aurel v. Twigg*, ELH-15-1920; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. Rose.*, ELH-15-2604; *Aurel v. Thrasher*, ELH-15-3142; *Aurel v. Sawyers, et al*., Civil Action No. ELH-16-280; *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850; *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851; *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293; *Aurel v. Warden*, Civil Action No. ELH-16-1494; and *Aurel v. Nines, et al.*, Civil Action No. ELH-16-1839.

the dismissals constituted "strikes" under § 1915(e),[3] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]

Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g). Therefore, he may not procced in these cases unless he (1) submits the $400.00 civil filing fee[5] or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege that he faces imminent danger of serious physical injury. Nonetheless, to the extent that Aurel's allegations may be construed as raising an imminent danger exception, I observe that in *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293, he raised similar claims regarding the denial of medical care arising from his fall and his medical issues are currently being briefed.

---

[3] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, ELH-15-1750; and *Aurel v. Jones, et al.*, ELH-15-1928.

[4] Specifically, §1915g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[5] Because I have consolidated the cases, I shall only require one filing fee.

Consequently, there is no plausible basis for granting him review of his current claims under the § 1915(g) exception.

Aurel is forewarned that future civil rights actions filed in this court must be accompanied by the civil filing fee or, in the alternative, with an indigency application alleging and demonstrating that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his consolidated Complaint shall be dismissed, without prejudice, by separate Order.

Date:  September  12, 2016                     _____/s/_____
                                               Ellen L. Hollander
                                               United States District Judge